IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JOHN S. McLELAND,                    )
                                     )
                    Plaintiff,       )
                                     )
vs.                                  )      Case No. 07-1233-MLB
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of                      )
Social Security,                     )
                                     )
                    Defendant.       )
_____)


RECOMMENDATION AND REPORT


     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits and supplemental security income payments.
The matter has been fully briefed by the parties and has been
referred to this court for a recommendation and report.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."  The court should review the Commissioner's decision
to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the

1

correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

     The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial

2

gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not

to be disabled.  If the claimant survives step four, the fifth
and final step requires the agency to consider vocational factors
(the claimant's age, education, and past work experience) and to
determine whether the claimant is capable of performing other
jobs existing in significant numbers in the national economy.
Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of
the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993).
At step five, the burden shifts to the Commissioner to show that
the claimant can perform other work that exists in the national
economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987
F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this
burden if the decision is supported by substantial evidence.
Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will
assess the claimant's residual functional capacity (RFC).  This
RFC assessment is used to evaluate the claim at both step four
and step five.  20 C.F.R. § 404.1520(a)(4); 404.1520(f,g).

## II.  History of case

Administrative law judge (ALJ) Michael R. Dayton issued his
1st decision on March 19, 2004, concluding at step five that
plaintiff could perform other work in the national economy (R. at
23-24, 593).  Plaintiff sought judicial review of the
administrative decision.  On August 23, 2005, this court reversed

the decision of the Commissioner, and remanded the case for
further hearing (R. at 589-602).

On April 26, 2007, ALJ Dayton issued his 2nd decision (R. at
575-588). Plaintiff was found to meet the insured status
requirements for disability insurance benefits through December
31, 2004 (R. at 577). At step one, the ALJ found that plaintiff
had not engaged in substantial gainful activity since April 1,
1999, plaintiff's alleged onset date (R. at 577). At step two,
the ALJ found that plaintiff had the following severe
impairments: bipolar affective disorder, asthma, and sleep apnea
(R. at 577). At step three, the ALJ found that plaintiff's
impairments do not meet or equal a listed impairment (R. at 580).
After establishing plaintiff's RFC (R. at 581), the ALJ
determined at step four that plaintiff cannot perform past
relevant work (R. at 586). At step five, the ALJ found that
plaintiff can perform other work that exists in significant
numbers in the national economy (R. at 586-587). Therefore, the
ALJ concluded that plaintiff was not disabled (R. at 587).

III. **Did the ALJ err in making his RFC findings?**

According to SSR 96-8p, the RFC assessment "must include a
narrative discussion describing how the evidence supports each
conclusion, citing specific medical facts...and nonmedical
evidence." The ALJ must explain how any material inconsistencies
or ambiguities in the evidence in the case record were considered

and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.  SSR 96-8p, 1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence.  See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003).  The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence.  Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions.  Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the

6

ALJ's RFC determination.  Such bare conclusions are beyond
meaningful judicial review.  Brown v. Commissioner of the Social
Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan.
2003).

The ALJ found that plaintiff had the functional capacity to
perform at any exertional level, but must avoid concentrated
exposure to fumes, odors, dust, gases and poor ventilation due to
his asthma.  The ALJ also found that plaintiff is moderately
limited in:  his ability to understand and remember detailed
instructions (#3)[1], carry out detailed instructions (#5),
maintain attention and concentration for extended periods (#6),
perform activities within a schedule, maintain regular attendance
and be punctual within customary tolerances (#7), and respond
appropriately to [changes][2] in the work setting (#17) (R. at
581).

Plaintiff argues that the ALJ erroneously omitted the
limitations of Dr. Moeller in his report, and failed to consider

_____

[1]The numbers after each mental limitation correspond to the
numbered category contained on mental RFC assessment forms (SSA-
4734-F4-SUP, R. at 375-376, 838-839).

[2]Although the decision refers to the limitation as
plaintiff's ability to respond to "dangers" in the work setting,
the mental RFC assessment form refers to the limitation as the
ability to respond to "changes" in the work setting (R. at 376,
839).  The ALJ's hypothetical question to the vocational expert
(VE) indicated that limitation #17 was the ability to respond
appropriately to "changes" in the work setting (R. at 1331), and
the medical expert, Dr. Hutchison, referred to limitation #17 as
the ability to respond to "changes" (R. at 1320-1321).

all of the impairments in combination.  Plaintiff also argues
that the ALJ failed to include limitations contained in the
opinions of a state agency medical consultant, Dr. Schloesser (R.
at 838-839), even though the ALJ accorded "substantial weight" to
his opinions (R. at 584).

     The major problem with the ALJ's decision was his failure to
explain why he found that plaintiff had moderate mental
limitations in categories 3, 5, 6, 7 and 17, but not in other
categories, even though various medical sources opined that
plaintiff had moderate limitations in other categories.  This
case is further complicated by hypothetical questions to the VE
that included moderate limitations not contained in the ALJ's
decision.

     The court will first summarize the medical opinion evidence
regarding plaintiff's mental limitations.  The first mental RFC
assessment was done by Dr. Diller on January 17, 2003 based on
his review of the evidence (R. at 375-378).  Dr. Diller found
that plaintiff had the following moderate limitations:

          The ability to understand and remember
          detailed instructions (#3)

          The ability to carry out detailed
          instructions (#5)

          The ability to maintain attention and
          concentration for extended periods (#6)

(R. at 375-376).  A second mental RFC assessment was done by Dr.
Schloesser on March 8, 2005 based on his review of the evidence

(R. at 838-842).  Dr. Schloesser found that plaintiff had the following moderate limitations:

> The ability to work in coordination with or proximity to others without being distracted by them (#9)
>
> The ability to interact appropriately with the general public (#12)
>
> The ability to accept instructions and respond appropriately to criticism from supervisors (#14)

(R. at 838-839).  Both Dr. Diller and Dr. Schloesser were consultants who neither treated or examined the plaintiff.

On October 30, 2003, Dr. Reddy, a treating physician, filled out a mental RFC form.  He found that plaintiff had extreme limitations in category ## 6, 7, 8, 9, 10, 11, 14, 15, 17 and 20, and moderate limitations in category ## 3, 5, 12, 16, 18 and 19 (R. at 437-438).

On April 19, 2006, Dr. Moeller conducted a psychological evaluation of the plaintiff.  Dr. Moeller interviewed and performed testing on the plaintiff (R. at 1181).  Dr. Moeller filled out a mental RFC form containing only 10 categories.  He found that plaintiff had the following moderate limitations:

> Interact appropriately with the public (#12)[3]

---

[3]Dr. Moeller's RFC form only contains 10 categories, instead of the 20 categories contained on form SSA-4734-F4-SUP used by Dr. Diller, Dr. Schloesser, Dr. Hutchison, the medical expert who testified at the hearing, and referenced by the ALJ at the hearing and in the decision.  Dr. Moeller's moderate limitations correspond to ##12, 14, and 17 on SSA-4734-F4-SUP, and are thus

       Interact appropriately with supervisors(#14)

       Respond appropriately to work pressures in a
usual work setting

       Respond appropriately to changes in a routine
work setting (#17)

(R. at 1196-1197). Dr. Moeller also found that plaintiff had a slight limitation in the ability to interact appropriately with co-workers (R. at 1197).

    Dr. Hutchison testified on September 13, 2006 as a medical expert. He offered opinions based on his review of the case record (R. at 1301, 1305-1306). Dr. Hutchison opined that plaintiff's activities do not support the opinions of Dr. Reddy as set forth on the mental RFC form of October 30, 2003 (R. at 1316). Dr. Hutchinson also referenced the mental RFC findings by Dr. Moeller, stating that he would add a limitation in plaintiff's ability to understand, remember and carry out detailed instructions (R. at 1318). On the other hand, Dr. Hutchison questioned Dr. Moeller's moderate limitations on social activities, noting that plaintiff did not appear to have trouble getting along with people (R. at 1319).

    Dr. Hutchison next addressed the mental RFC form prepared by Dr. Schloesser (R. at 1319). Dr. Hutchison testified that he

---

so noted. The moderate limitation in the ability to respond appropriately to work pressure in a usual work setting does not correspond to any of the limitations on the above form. The slight limitation noted by Dr. Moeller roughly corresponds with limitation ## 9 and 15 on the above form.

would add moderate limitations in categories 3, 5, 7, and 17 to those limitations set forth by Dr. Schloesser (R. at 1319-1321). Dr. Hutchison did not indicate that he would make any other changes to the opinions of Dr. Schloesser.

As noted above, the ALJ indicated in his decision that plaintiff had moderate limitations in categories 3, 5, 6, 7, and 17 (R. at 581).  The ALJ gave no weight to the opinions of Dr. Reddy because his opinions were inconsistent with his treatment notes, with the testimony of the plaintiff and plaintiff's mother, and with the medical evidence (R. at 585).  The ALJ indicated that the opinions of the state agency medical consultant, Dr. Schloesser, were more consistent with the record than the opinions of treating sources, and gave his opinion "substantial weight" because his opinion was consistent with the evidence in its entirety (R. at 584).  Dr. Schloesser opined that plaintiff had moderate limitations in categories 9, 12, and 14. Although the ALJ gave "substantial weight" to Dr. Schloesser's opinions, the ALJ offered no explanation for not including any of the three limitations set forth by Dr. Schloesser.

The ALJ then proceeded to give hypothetical questions to the vocational expert (VE) which did not match the mental limitations set forth in the ALJ's decision.  The first hypothetical question asked the VE to consider the four moderate limitations set forth by Dr. Moeller (R. at 1328-1329).  With these limitations, the VE

testified that plaintiff could perform work as a kitchen helper or dishwasher, a library page, and a document preparer (R. at 1330). These are the very jobs that the ALJ stated in his decision that plaintiff could perform (R. at 587).

The ALJ then gave a second hypothetical question, asking the VE to "assume the same information I gave you for the first hypothetical question" (R. at 1330-1331). The ALJ then asked the VE to refer to exhibit 14F (the mental RFC assessment prepared by Dr. Diller, indicating that plaintiff had moderate limitations in categories 3, 5, and 6 (R. at 375-376), and to add the additional moderate limitations opined by Dr. Hutchison (categories 7 and 17) (R. at 1331). Based on this hypothetical, the VE testified that plaintiff could still perform the jobs previously identified (R. at 1331-1332).

Therefore, the 2nd hypothetical question included the following moderate mental limitations:

(1) Dr. Moeller: ## 12, 14, and 17, and a moderate limitation in the ability to respond appropriately to work pressures in a work setting

(2) Dr. Diller: ## 3, 5, and 6

(3) Dr. Hutchison ## 7 and 17

With these limitations, the VE testified that plaintiff could work as kitchen helper or dishwasher, a library page, and a document preparer. The ALJ adopted the opinions of the VE, and found that plaintiff could perform these jobs and was therefore

12

not disabled (R. at 587).  Thus, although the ALJ decision only indicated that plaintiff had limitations in categories 3, 5, 6, 7 and 17 (R. at 581), his hypothetical question to the VE, which formed the basis for his decision that plaintiff could perform other work in the national economy, included the limitations set forth by Dr. Moeller (R. at 1328-1331).  For this reason, the failure of the ALJ to include Dr. Moeller's moderate limitations in his decision is harmless error.

However, the hypothetical questions to the VE failed to include a moderate limitation in category #9, the ability to work in coordination with or proximity to others without being distracted by them.  That limitation was set forth by Dr. Schloesser (R. at 838).  Dr. Hutchison was asked about Dr. Schloesser's opinions.  Dr. Hutchison added certain limitations not contained in Dr. Schloesser's mental RFC assessment, but he did not indicate he would make any other changes to Dr. Schloesser's assessment (R. at 1319-1321).  Although the ALJ gave "substantial weight" to Dr. Schloesser's assessment because it was consistent with the record and the evidence in its entirety (R. at 584), the ALJ failed to provide any explanation for not including in plaintiff's RFC a moderate limitation in category #9.

In the case of <u>Brown v. Commissioner of the Social Security Administration</u>, 245 F. Supp.2d 1175 (D. Kan. 2003), the court

13

held as follows:

> The ALJ, however, never explains why he makes
> findings inconsistent with the Assessment nor
> does he even acknowledge that he is rejecting
> portions of the Assessment. He cites to no
> medical records, testimony, or other evidence
> in support of his RFC findings, other than
> the Assessment. And, he fails to explain how
> any material inconsistencies or ambiguities
> in the evidence were considered and resolved.
> In short, the Court finds that the ALJ has
> failed to link his RFC determination with
> specific evidence in the record and has
> failed to comply with Social Security Ruling
> 96-8p.

> Due to these failures of the ALJ, the Court
> cannot adequately assess whether relevant
> evidence supports the ALJ's RFC
> determination. His bare conclusions are
> simply beyond meaningful judicial review. The
> Court therefore holds that the case must be
> remanded, and upon remand the Commissioner
> shall provide the proper narrative discussion
> describing how the evidence supports his
> conclusions at step four, as required by
> Social Security Ruling 96-8p, and how the
> inconsistencies or ambiguities in the
> evidence were considered and resolved. This
> shall include a discussion of the reasons
> supporting the ALJ's apparent rejection of
> certain findings of the State Agency Medical
> Consultants' Physical Residual Functional
> Capacity Assessment.

Brown, 245 F. Supp.2d at 1186-1187.

In the case of Anderson v. Barnhart, Case No. 06-1182-WEB

(D. Kan. March 20, 2007), the ALJ failed to offer any explanation

for rejecting the opinion of the state agency medical consultant

that plaintiff was moderately limited in category #12 (the

ability to interact appropriately with the general public), but

found that plaintiff had mental limitations in categories not identified by the state agency medical consultant.  Because the ALJ never explained why he made findings inconsistent with the state agency medical consultant, the court held that the ALJ failed to comply with the requirements of SSR 96-8p, and remanded the case in order for the ALJ to comply with SSR 96-8p. Anderson, Case No. 06-1182 (Doc. 9 at 8-10); 2007 WL 1223992 at *4.

     In the case of Bosch v. Barnhart, Case No. 05-1289-MLB (June 5, 2006), the ALJ stated that he agreed with the lower level RFC assessment.  The lower level assessment found that plaintiff had mental limitations in categories 3, 5, 6 and 9.  However, the ALJ's RFC findings stated that plaintiff had moderate limitations in categories 3, 5, 6 and 8.  Thus, without explanation, the ALJ decision added one additional limitation, but omitted one contained in the lower level RFC assessment.  The ALJ also made physical RFC findings which varied somewhat from the state agency assessment.  However, the ALJ failed to explain the basis for the discrepancy between the state agency RFC assessments and the ALJ's RFC findings.  The court held that because of the ALJ's failure to explain why he made findings inconsistent with the state agency assessments, the case was remanded in order for the ALJ to comply with SSR 96-8p.  Bosch, Case No. 05-1289 (Doc. 13 at 8-10, 12-14); 2006 WL 4045924 at *3-4, 5-6.

As in <u>Brown</u>, <u>Anderson</u>, and <u>Bosch</u>, the ALJ in this case failed to include, without explanation, a moderate mental limitation (#9) contained in the state agency RFC assessment. SSR 96-8p clearly states that if "the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." 1996 WL 374184 at *7. The failure to explain the omission of this mental limitation becomes even more difficult to understand in light of the ALJ's own finding that the opinions of Dr. Schloesser are given "substantial weight" because his opinions are consistent with the record and the evidence in its entirety (R. at 584). Furthermore, the court cannot speculate as to the impact of this additional moderate limitation, if it were included in plaintiff's RFC, on plaintiff's ability to perform other work in the national economy.  Therefore, this case shall be remanded in order for the ALJ to comply with SSR 96-8p.

**IV.  Did the ALJ properly consider the evidence, including the opinions of treating medical sources?**

Plaintiff also challenges the weight that the ALJ gave to the evidence in this case, including plaintiff's activities, work attempts, and the testimony of the plaintiff (Doc. 15 at 8-16). Plaintiff also argues that the ALJ made numerous errors in his evaluation of the opinions of Dr. Dave and Dr. Reddy, plaintiff's treating physicians (Doc. 15 at 16-28).  With many of plaintiff's

16

arguments, plaintiff seeks to have the court reweigh the evidence.  However, the court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1173 (10th Cir. 2005); <u>White v. Barnhart</u>, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  The court can only review the sufficiency of the evidence.  Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo.  <u>Oldham v. Astrue</u>, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

However, plaintiff has pointed out two problems with the ALJ's analysis of the opinions of Dr. Dave and Dr. Reddy that must be addressed when this case is remanded.  On February 10, 2003, Dr. Dave wrote a 3 page letter indicating that he believed that plaintiff was disabled for at least the next three years, as he has demonstrated that he is incapable of finding and holding down regular employment (R. at 447-449).  The ALJ discounted the letter of Dr. Dave because the letter was prepared "almost 3 years after claimant last received treatment at that office" (R. at 586).  However, the treatment notes indicate that Dr. Dave saw plaintiff on December 9, 2002, only 2 months before he wrote the letter (R. at 302).  Dr. Dave's letter of February 10, 2003 also references several contacts with the plaintiff from 2000-2002 (R.

17

at 447-448).  The ALJ's finding that the letter was prepared almost 3 years after the plaintiff last received treatment is clearly erroneous.

The ALJ noted that Dr. Reddy had indicated on April 11, 2003 that plaintiff had a GAF score of between 45-50.  The ALJ then stated that this score was inconsistent with the testimony of the plaintiff and his mother, the medical evidence, and Dr. Reddy's own treatment notes indicating that plaintiff was alert and his mood was good at the time of the assessment (R. at 583). However, there is no medical opinion evidence that the GAF score is "inconsistent" with the evidence in this case.  An ALJ is not entitled to *sua sponte* render a medical judgment without some type of support for his determination.  The ALJ's duty is to weigh conflicting evidence and make disability determinations; he is not in a position to render a medical judgment.  <u>Bolan v. Barnhart</u>, 212 F. Supp.2d 1248, 1262 (D. Kan. 2002).  In the absence of any medical opinion evidence indicating that a GAF score of 45-50 is inconsistent with the evidence, the ALJ overstepped his bounds into the province of medicine.  <u>Miller v. Chater</u>, 99 F.3d 972, 977 (10th Cir. 1996).

Plaintiff also takes issue with the decision of the ALJ to give no weight to Dr. Reddy's opinion (R. at 585); plaintiff argues that the evidence supports Dr. Reddy's opinions (Doc. 15 at 22-27).  However, the ALJ noted the testimony of Dr. Hutchison

18

who reviewed the opinions and treatment notes of Dr. Reddy (R. at 584). Dr. Hutchison testified that based on his review of the medical records, including those of Dr. Reddy, Dr. Hutchison did not understand why Dr. Reddy would indicate in his mental RFC assessment that plaintiff had extreme limitations in numerous categories (R. at 1309-1310). Dr. Hutchison also testified that plaintiff's activities do not support the extreme limitations given by Dr. Reddy on his mental RFC assessment (R. at 1316). Credible medical opinion evidence existed in the record to support a finding that Dr. Reddy's mental RFC assessment was not supported by the medical records or by plaintiff's activities; the court will not reweigh the evidence.

Contrary to plaintiff's assertion that the ALJ failed to mention many of the limitations noted by Dr. Dave in his letter of February 10, 2003 (Doc. 15 at 18), the ALJ specifically noted in his decision that Dr. Dave found that plaintiff's concentration and attention were mildly limited, and that Dr. Dave expressed concern with plaintiff's low motivation, mild depression and passive personality traits (R. at 583, 448). Admittedly, the ALJ did not mention that Dr. Dave found that plaintiff's social functioning was extremely poor (R. at 448). However, on remand, this opinion of Dr. Dave should be considered in light of all the evidence, including the opinion of Dr. Hutchison, who testified that, based on the record, that he was

19

not sure why Dr. Dave found that plaintiff had such difficulty

with social skills or had extremely poor social functioning (R.

at 1317-1318).

Plaintiff argues that the ALJ should have recontacted Dr.

Reddy and Dr. Dave.  In <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1084

(10th Cir. 2004), the court held that if the ALJ concluded that

the treating source failed to provide sufficient support for his

conclusions about plaintiff's limitations, the severity of those

limitations, the effect of those limitations on his/her ability

to work, or the effect of prescribed medication on his/her

ability to work, the ALJ should have recontacted the treatment

provider for clarification of his opinion before rejecting it.

In addition, SSR 96-5p states the following:

> Because treating source evidence (including
> opinion evidence) is important, if the
> evidence does not support a treating source's
> opinion on any issue reserved to the
> Commissioner and the adjudicator cannot
> ascertain the basis of the opinion from the
> case record, the adjudicator must make "every
> reasonable effort" to recontact the source
> for clarification of the reasons for the
> opinion.

1996 WL 374183 at *6.

However, in this case, the ALJ had before him a 2 ½ page

letter from Dr. Dave setting forth in some detail why he believed

plaintiff was disabled, including his opinion that plaintiff had

extremely poor social functioning, very low motivation, mild

depression, and passive personality traits (R. at 447-449).  It

20

is the inadequacy of the evidence, or whether the information from the treating physician was so incomplete that it could not be considered, that triggers the duty to recontact the physician, not the mere fact that the treating physician's opinion was rejected.  <u>White v. Barnhart</u>, 287 F.3d 903, 908 (10th Cir. 2002). When the treating physician provides a detailed report setting forth the basis for his opinions, there is no need to recontact the treating physician.

Dr. Reddy's mental RFC report does not provide any explanation as to the basis for his findings regarding plaintiff's limitations (R. at 437-438).  However, the record in this case also contains a one page letter from Dr. Reddy, dated September 12, 2006, in which Dr. Reddy responds to the evaluation by Dr. Moeller, and also sets forth why he believed that plaintiff is unable to engage in simple entry-level employment (R. at 1222).  Dr. Reddy's letter does provide a basis for his opinion that plaintiff cannot work.  The ALJ found that Dr. Reddy's records were adequate for consideration, but were not persuasive that plaintiff is disabled.  The ALJ also discussed Dr. Reddy's letter of September 12, 2006, but did not feel his opinions were supported by the treatment notes (R. at 585).[4]  In

---

[4]As noted above, Dr. Hutchison had testified that, based on his review of the record, he did not understand why Dr. Reddy would find plaintiff extremely limited in many categories (R. at 1310), and that plaintiff's activities do not support those extreme limitations (R. at 1316).

light of Dr. Reddy's letter discussing the results of Dr. Moeller's evaluation and setting forth the basis for his opinion that plaintiff cannot work, the court finds that the ALJ did not err by not recontacting Dr. Reddy.

The court will not reweigh the evidence in this case, including the opinions of the various medical sources. However, the court noted two errors by the ALJ in his analysis of the opinions of Dr. Dave and Dr. Reddy; the court cannot determine, what weight, if any, those errors played in the ALJ's analysis of the weight to be accorded to the opinions of Dr. Dave and Dr. Reddy. Therefore, on remand, the ALJ shall reevaluate all of the medical source opinions, including those of Dr. Dave and Dr. Reddy.

**V.   Should this case be reversed and remanded for further hearing, or reversed for an award of benefits?**

At step five, the burden of proof is on the defendant to produce evidence that the claimant could perform other work in the national economy. Where the burden is not met, reversal is appropriate. Harris v. Secretary of Health & Human Services, 821 F.2d 541, 544 (10th Cir. 1987). When a decision of the Commissioner is reversed, it is within the court's discretion to remand either for further administrative proceedings or for an immediate award of benefits. When the defendant has failed to satisfy their burden of proof at step five, and when there has

22

been a long delay as a result of the defendant's erroneous
disposition of the proceedings, courts can exercise their
discretionary authority to remand for an immediate award of
benefits.  <u>Ragland v. Shalala</u>, 992 F.2d 1056, 1060 (10th Cir.
1993).  The defendant is not entitled to adjudicate a case ad
infinitum until it correctly applies the proper legal standard
and gathers evidence to support its conclusion.  <u>Sisco v. United
States Dept. of Health & Human Services</u>, 10 F.3d 739, 746 (10th
Cir. 1993).  A key factor in remanding for further proceedings is
whether it would serve a useful purpose or would merely delay the
receipt of benefits.  <u>Harris</u>, 821 F.2d at 545.  Thus, relevant
factors to consider are the length of time the matter has been
pending, and whether or not, given the available evidence, remand
for additional fact-finding would serve any useful purpose, or
would merely delay the receipt of benefits.  <u>Salazar v. Barnhart</u>,
468 F.3d 615, 626 (10th Cir. 2006).  The decision to direct an
award of benefits should be made only when the administrative
record has been fully developed and when substantial and
uncontradicted evidence on the record as a whole indicates that
the claimant is disabled and entitled to benefits.  <u>Gilliland v.
Heckler</u>, 786 F.2d 178, 184, 185 (3rd Cir. 1986).

    Plaintiff filed his application for disability on November
15, 2000 (R. at 575); therefore his application has been pending
**for over 8 years.  The case has already been remanded once**

because of errors by the Commissioner.  Errors have again been found in the 2nd ALJ decision.  However, the evidence in this case is far from clear as to whether plaintiff is disabled. Although treating medical providers, Dr. Dave and Dr. Reddy, opined that plaintiff is disabled, the record also contains the testimony of Dr. Hutchison, a detailed evaluation, including testing by Dr. Moeller, and the opinions of two state agency medical consultants, Dr. Diller and Dr. Schloesser.  The findings of these other medical sources clearly conflict with the findings of the treatment providers.  Because of the ALJ's failure to comply with SSR 96-8p when making his RFC findings, and errors in his analysis of the opinions of Dr. Reddy and Dr. Dave, the case should be remanded for further hearing.  However, the court finds that substantial and undisputed evidence does not exist to warrant a finding that plaintiff is disabled and entitled to benefits.  A remand would serve a useful purpose and would not merely delay the receipt of benefits.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule

72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on January 27, 2009.


                          s/Donald W. Bostwick
                          DONALD W. BOSTWICK
                          United States Magistrate Judge