**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JOHN S. MCLELAND, | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| v. | ) | No. 07-1233-MLB |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff's motion for approval of attorney fees (Doc. 31) and memorandum in support (Doc. 31-1). On January 14, 2011, the court wrote counsel for the Commissioner a letter directing her to address specific questions the court had after reading her response (Doc. 32). The Commissioner has filed a surreply (Doc. 34) and the court is ready to rule on the motion. For the reasons stated herein, plaintiff's motion is granted.

**I.   BACKGROUND**

On August 6, 2007, plaintiff's counsel, David H. M. Gray, ("counsel") began representation in this case. Plaintiff and counsel entered into a contingency fee agreement where counsel would receive 25% of all retroactive benefits. Counsel worked 89.6 hours preparing plaintiff's case and related documents before this court. Plaintiff was awarded $128,093.25 in retroactive benefits. The court also awarded a fee of $7,500 to be paid by the government pursuant to the provisions of the Equal Access to Justice Act ("EAJA"), which will be credited to plaintiff.

Counsel's fee for his representation amounts to $42,023.74. After deducting the $7,500 credit, plaintiff will net $135,593.25 and counsel will net $34,523.74.

## II.  ANALYSIS

Counsel moves for an award of $42,023.74 under the contingency fee agreement to be awarded pursuant to 42 U.S.C. § 406.

42 U.S.C. § 406(b)(1)(A) provides, in pertinent part:

(b) Attorney fees

(1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Because this case involves a contingency fee agreement between plaintiff and counsel, the court applies Gisbrecht v. Barnhart, 535 U.S. 789 (2002). Section 406(b)(1)(A) permits up to 25% of the past-due benefits to be awarded under a contingency fee. The court is to consider whether the agreed upon fee yields reasonable results based on the facts of this case. Id. at 807.

"Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." Gisbrecht, 535 U.S. at 808. The court should also consider

substandard representation, delay on the part of the attorney, the attorney's hourly rate for noncontingency-fee cases, and whether the award creates a "windfall" for the attorney. Id.

In his surreply, the Commissioner points out that the lengthy administrative record does not necessarily mean that plaintiff's case was more factually and legally difficult than other cases. The Commissioner claims that the issues were not new, novel or particularly difficult. The Commissioner acknowledges, however, that "[p]laintiff's counsel cited several errors in the administrative law judge's decision which the court found persuasive ...." (Doc. 34 at 3).[1] It is undisputed that based upon the errors identified by counsel, plaintiff's case was remanded back to the agency and benefits were awarded to plaintiff based on the remand.

The commissioner does not dispute that counsel fulfilled plaintiff's expectations yielding an favorable result. The Commissioner does not claim that counsel caused unnecessary or excessive delay or provided substandard representation and acknowledges that counsel had to wait to receive his fee. The Commissioner also acknowledges that counsel is an experienced attorney in social security law and that he has had a long professional relationship with plaintiff.

The commissioner's sole argument is that counsel will receive a "windfall" for the number of hours expended on plaintiff's case.

---

[1] Such errors included residual functional capacity findings and improper consideration of evidence, including opinions of treating sources.

Plaintiff cites several cases from this court where similar or larger attorneys' fees were approved. See, e.g., Delashaw v. Barnhart, Case No. 01-1083-WEB; Timbers v. Astrue, Case No. 06-1387-MLB-GBC. In these cases, the court rejected the commissioner's "windfall" argument.

Based on the fact that the Commissioner's "windfall" argument has been rejected before in similar cases, the court finds it unpersuasive. While a "windfall" is a factor to consider, it is outweighed by the other factors in this case.

There is nothing in the facts to suggest that the award is unreasonable. Plaintiff and his counsel had a contingency agreement and a longstanding professional relationship. Although the contingency agreement is for 25% of all retroactive benefits, which is the maximum afforded under 42 U.S.C. §406(b), this does not automatically make the award unreasonable. The Commissioner acknowledges this fact in his surreply. (Doc. 34 at 3).

Plaintiff was successful and received a large sum in retroactive benefits. Plaintiff also received $7,500 in EAJA fees which will be credited to plaintiff. After this credit, counsel's award will be reduced to $34,523.74 or 20.21% of plaintiff's retroactive benefits.[2] The net award computes to an hourly rate of $385.31.[3] Counsel stated in his affidavit that his normal hourly rate for cases that are not

---

[2] While the Commissioner points out that attorney's fee awards in the District Court of Kansas ranged from $3,568.24 to $30,284.75, counsel also cited cases where the fees awarded amounted to approximately $588/hour and $524/hour.

[3] Counsel's fee prior to the EAJA credit computes to an hourly rate of $469.01, which is a multiplier of less than 3.0.

-4-

contingent or complex is $200 per hour. (Doc. 31-2 at 2). Based on the total benefits plaintiff received, the relationship between plaintiff and counsel, and counsel's expertise, the court finds that $34,523.74 is a reasonable attorney fee for the work performed and the results obtained.

**III. CONCLUSION**

For the reasons stated more fully above, plaintiff's motion for approval of attorney fees (Doc. 31) is granted.

IT IS SO ORDERED.

Dated this  3rd  day of February 2011, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE